IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA GILMORE, on behalf of herself and all others similarly situated,<br>    Plaintiff | Civil Action No.:<br><br>COMPLAINT – CLASS ACTION |
| v. | |
| CHASE RECEIVABLES and JOHN DOES 1-25,<br>    Defendants | JURY TRIAL DEMANDED |

## **COMPLAINT**

### INTRODUCTION

1. Defendant, Chase Receivables ("Chase"), violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2. Chase is subject to strict liability for sending collection letters that exposed personal identifying information visibly on the envelope placed in the mail.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff, Virginia Gilmore ("Gilmore"), is a natural person who resides in the Commonwealth of Pennsylvania.

6. Gilmore is a consumer as defined in the FDCPA.

7. Chase is a business entity with offices at 1247 Broadway, Sonoma, CA 95476.

8. Chase acts as a debt collector as defined by § 1692a of the FDCPA because it regularly uses the mail and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

9. John Does 1-25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## STATEMENT OF CLAIM

10. Gilmore allegedly incurred a Verizon debt that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) (the "Debt").

11. On or about August 29, 2014, Chase mailed a collection letter to Gilmore in an attempt to collect the Debt (the "August 29 Letter"). A copy of the August 29 Letter, redacted for security purposes, is attached to hereto as Exhibit A.

12. The August 29 Letter was a collection letter that was placed into the mail.

13. Visible through the window of the envelope of the August 29 Letter, beside Gilmore's name, was a number ending in 7226.

14. The August 29 Letter identified the number ending in 7226 as being the account number for the Debt.

15. On at least one occasion, and maybe more, Chase exposed Gilmore's account number on a letter it sent through the mail.

16. On information and belief, Chase exposed the account numbers of many other people on letters it sent through the mail as part of its debt collection activities.

17. The FDCPA prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt, including the use of any language or symbol other than the debt collector's

name and address on any envelope when communicating with a consumer by mail. 15 U.S.C. § 1692f(8).

18. The account number is a piece of information capable of identifying Gilmore and members of the Class as debtors, and its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address.

## CLASS ACTION STATEMENT

19. Plaintiff brings this action on behalf of herself and of a Class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

20. Plaintiff proposes to define the class as follows:

    a. All Pennsylvania consumers;

    b. Who were sent one or more collection letter(s) from Chase;

    c. Attempting to collect a consumer debt allegedly owed to Verizon;

    d. Which contained an account number visible through the window of the envelope;

    e. During the one year period prior to the filing date of this Complaint.

21. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action.

22. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds or thousands of persons who had their account numbers exposed in the mail by Chase.

23. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated the FDCPA;

      b.      Whether Plaintiff and the Class have been injured by Defendant's conduct; and

      c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

24.      Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

25.      Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

26.      Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced and competent attorneys to represent the Class.

27.      A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this Class Action.

28.      A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Most are probably unaware that the FDCPA, and their rights, have been violated.  Absent a Class Action, Class members will continue to suffer losses of protected rights as well as monetary damages.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

29.      Chase violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt as described above.

30. Chase violated 15 U.S.C. § 1692f(8) by using language or a symbol on any envelope when communicating with a consumer by mail as described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Mark G. Moynihan, Esq. as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

Dated: August 25, 2015          By:     /s/ Mark G. Moynihan
Mark G. Moynihan, Esquire
Attorney for Plaintiff
PA 307622
112 Washington Place, Suite 1N
Pittsburgh, PA 15219
Phone: (412) 889-8535
Fax: (800) 997-8192
Email: mark@moynihanlaw.net